# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EILEEN GELSOMINI )<br>            PLAINTIFF, )<br>    V. )<br>TU MODA SPA FOR BEAUTY )<br>AND WELLNESS, INC., and )<br>JOSUE ROSA, )<br>            DEFENDANTS. )<br>_____ ) | CIVIL ACTION NO. 4:16-CV-40116-DHH |
| DANIELLE VINTON )<br>            PLAINTIFF, )<br>    V. )<br>TU MODA SPA FOR BEAUTY )<br>AND WELLNESS, INC., and )<br>JOSUE ROSA, )<br>            DEFENDANTS. )<br>_____ ) | CIVIL ACTION NO. 4:16-CV-11733-DHH |
| MICHELLE MCDUNNAH )<br>            PLAINTIFF, )<br>    V. )<br>TU MODA SPA FOR BEAUTY )<br>AND WELLNESS, INC., and )<br>JOSUE ROSA, )<br>            DEFENDANTS. )<br>_____ ) | CIVIL ACTION NO. 4:16-CV-40140-DHH |

## JOINT PRETRIAL MEMORANDUM

The parties hereby submit this Joint Pre-Trial Memorandum and confirm pursuant to Local Rule 16.5(d) that they have conferred on February 27, 2019 regarding the contents herein.

**1.** *Statement of the Case:*

*Plaintiffs' Concise Summary of the Evidence To be Offered:*

Plaintiffs will introduce evidence that the Plaintiff's were employees of the Defendants whose pay was subject to unannounced post hac reduction. The Plaintiffs were paid 55% of the

1

gross revenue for each service less a service charge deduction. The charges were changed without announcement to the Plaintiffs. The Plaintiffs were unaware of the charges and the amounts, and they were not able to ascertain they pay amounts for each service. Plaintiffs will introduce testimony that sick time was unpaid by the Defendant for the Plaintiffs Vinton and Gelsomini, and testimony from Gelsomini that she has not been repaid properly from her educational fund.

### *Defendants' Concise Statement of the Evidence to Be Offered:*

The Defendants will introduce evidence to demonstrate that the Plaintiffs were each, at all times relevant to this action, paid commissions in accordance with Tu Moda Spa for Beauty and Wellness, Inc.'s published commission plan, that the Plaintiffs were, at all times relevant to this action, aware of this policy. The Plaintiffs' testimony will demonstrate that they agree that they were paid in conformance Tu Moda's commission policy.

The Defendants will introduce evidence to show that no unlawful deduction from wages occurred. The Defendants will demonstrate that the only deductions taken after the calculation of commissions for the Plaintiffs were those specifically authorized by law or by the Plaintiffs. Evidence introduced by the Defendants or via the Plaintiffs' testimony will demonstrate that regular announcements were made prior to any changes in services charges used in the commission calculations and that lists of services charges were made available at Tu Moda. The Defendants will introduce evidence that no changes to the service charges for services provided by the Plaintiffs occurred during the time relevant to this action.

The Defendants will introduce evidence that amounts withheld from Plaintiff Gelsomini per her agreement as part of an educational fund have been repaid to her. The Defendants will introduce evidence that Plaintiffs Gelsomini and Vinton were paid sick leave pursuant to

Massachusetts law from July 1, 2015 until their separation from employment with Tu Moda.

2.  *Agreed Facts:*

    A.  Plaintiffs were employed as estheticians, skin care specialists and/or massage therapists for the Defendants. Eileen Gelsomini was employed from July 3, 2003, through January 2, 2016. Michelle McDunnah was employed from October 26, 2004, through October 12, 2014, and Danielle Vinton was employed from September 30, 2012, through February 15, 2016.

    B.  Defendant Tu Moda Spa for Beauty and Wellness Inc. (herein "Tu Moda") is a Massachusetts domestic corporation with a principal place of business at 574 Pleasant St. Worcester, MA 01602, and a registered agent for service of process at c/o Josue Rosa, 547 Pleasant Street, Worcester MA 01602.

    C.  Plaintiff Eileen Gelsomini's complaint was filed on 7/15/2016. Plaintiff Danielle Vinton's complaint was filed on 7/18/16. Plaintiff Michelle McDunnahs's complaint was filed on 8/11/2016.

    D.  The Plaintiffs, at all times relevant to this claim, were paid commissions on the following basis: the cost of the service provided to Tu Moda clients by the plaintiff minus a service charge and the remainder was then multiplied by 55%.

    E.  The Plaintiffs was paid weekly on a purely commission-only basis.

    F.  The commission structure for the Spa was set forth in Tu Moda's Policy and Procedures Handbook.

    G. Plaintiff Danielle Vinton acknowledged receipt of the Policies and Procedures Handbook in a signed form dated September 16, 2012, at the beginning of her employment.

    H. Plaintiff Michelle McDunnah acknowledged receipt of the Policies and Procedures Handbook in a signed form dated November 26, 2004, at the beginning of her employment.

    I. Plaintiff Eileen Gelsomini acknowledges that she obtained and reviewed a copy of the Policies and Procedures Handbook four (4) or more years before filing suit in this matter.

    J. Tu Moda employees could contribute a portion of their commissions on retail sales to an education fund that would be used by the employees for costs of approved educational classes. This fund was originally capped at $250.00 in employee contributions which would be matched upon use by an equal contribution from Tu Moda. In January 2015, Tu Moda lowered the maximum employee contribution to $300.

    K. Tu Moda Spa at all relevant times has had 50 or more employees and has done over $500,000 in gross revenue annually.

**3.** *Contested Issues of Fact:*

*Plaintiffs' Statement of Contested Facts:*

    A. Plaintiffs were unaware of changes made to the service charge deductions as they occurred.

    B. Service charges were deducted in accordance with a service charge sheet which listed deductions for each service performed by the Plaintiffs. The Plaintiffs did not have

access to these sheets which were kept behind the front desk. Plaintiffs were subject to ridicule if they made inquiry into the service charge sheets.

C. Company meetings did not generally address service charges at all and the subject was taboo.

D. McDunnah was reprimanded for making inquiry into the service charges.

E. All plaintiffs feared such a reprimand if they raised the issue of the services charges with Tu Moda.

F. The pay stubs issued by the Defendant to the Plaintiff did not itemize work performed or service charge deductions for that work.

G. The amount the service charges in dispute between the parties is 55% of the service charge deductions; for Gelsomini $10,927.07; for Vinton $10,437.61 and; for McDunnah $7,222.96.

Tu Moda determined the service charges at issue in this matter "[o]n a business-wide basis" and were "intended to approximate costs of business" which "included but was not limited to cost of goods and equipment used for a given service, cost of direct support services (e.g., cleaning of customer services areas by hourly employees), cost of customer service employees health insurance and other benefits; in some cases factors unrelated to service cos were considered, including, marketing and pricing considerations..." There was "no standard mathematical formula…" for "determining the service charge for a procedure."

***Defendants' Statement of Contested Facts***:

A. The Plaintiffs were paid all commissions due to them after they were calculated without unlawful deductions.

B. During interviews, Defendant Rosa informed new hires that the commission structure at Tu Moda was the cost of service minus a service charge with the remainder multiplied by 55 percent.

C. Service charge changes were announced at non-mandatory staff meetings, generally held on Mondays when Tu Moda was closed to spa clients.

D. In January 2015, when the cap on educational funds was lowered, Ms. Gelsomini was repaid her contributions in excess of the new cap in the amount of $126.18.

E. Upon Ms. Gelsomini's resignation she was paid $150.00 consisting of her remaining contributions to the education fund.

F. No service charge changes to the services performed by the Plaintiffs occurred during times at issue in this matter.

4. *Jurisdictional Questions:*

   *Plaintiffs' Response:*

   None.

   *Defendants' Response:*

   If the Court rules on the issue of the Plaintiffs' alleged wrongful deductions from pay issues, there is no remaining basis for supplemental jurisdiction pursuant to 28 U.S.C. §1367.

5. *Questions Raised by Pending Motions:*

   Both Parties have filed cross motions for summary judgement concerning the Plaintiffs' claim for unlawful deductions from wages. This motion, if decided in favor of

either Party, will resolve the principal issue of liability in this matter. Remaining State law claims for unreturned educational funds and allegedly unpaid sick leave are de minimus, amounts to be less than $1,000.00 damages in the aggregate.

**6.** *Issues of Law/Evidentiary Questions:*

The parties have previously briefed their positions on the issues of when a commission becomes a wage and whether the Defendant Tu Moda's service charges were unlawful deductions from wages. Other questions to be submitted to the Court as motions in limine on or before March 1, 2019, per Court Order.

**7.** *Requested Amendments to Pleadings:*

*Plaintiffs' Requested Amendments:*

Plaintiff objects to this last-minute amendment altering material admissions in the pleadings. Plaintiff has substantially relied on judicial admissions in preparing the case for trial and through discovery.

*Defendants' Requested Amendments***:**

Defendants move to amend their answer to the Plaintiffs' First Amended Complaint (McDunnah ¶26, Vinton ¶27 and Gelsomini ¶28) to deny the allegation. As generally for this request, the Plaintiffs' allegations in these paragraphs are made in violation of Fed. R. Civ. P. 11, are inconsistent with testimony of all Parties and Plaintiff Gelsomini has testified that the allegation in her own Amended Complaint is "false." E. Gelsomini Depo at 60:5-8; 61:7; M. McDunnah Depo. at 22:1-4; 27:14; 56:7 & 15; D. Vinton Depo at 19:20-22; 29:24; 30:6; J. Rosa Depo at 12:11-13; 65:3 and 74:10-12.

**8.**    *Additional Matters to Aid in the Disposition of the Action:*

The parties have previously briefed their positions on the issues of when a commission becomes a wage and whether the Defendant Tu Moda's service charges were unlawful deductions from wages. Resolution of these questions may assist the parties in preparation of proposed jury instructions.

**9.**    *Estimated Length of Trial:*

Plaintiffs' Estimate:  Three trial days.

Defendants' Estimate:  Three trial days.

**10.**    *Witnesses:*

*Plaintiffs' Witnesses:*

Daniele Vinton, in care of her attorney

Michelle McDunnah, in care of her attorney

Eileen Gelsomini, in care of her attorney

Josue Rosa, defendant, in care of his attorney

Amaryllis Negron in care of Defendants' Counsel

*Defendants' Witnesses:*

Josue Rosa, defendant, in care of his attorney

Daniele Vinton, in care of her attorney

Michelle McDunnah, in care of her attorney

Eileen Gelsomini, in care of her attorney

Amaryllis Negron
26 Great Brook Valley Ave.
Worcester, MA 01605
Manager, Contact Defendants Counsel

Luz Jackeline Rodriguez ("Jackie")
566 Pleasant Street# 5
Worcester, MA 01602
774-420-1257

Leeann Pontbriand
134 Wilson Street
Spencer, MA 01562
Manager, Contact Defendants Counsel

Parties reserve the right to use deposition transcripts as appropriate in rebuttal to testimony. Parties reserve the right to use any deponent's deposition transcript when appropriate to refresh witnesses' recollections.

11. *Proposed Exhibits:*

*Agreed Upon Exhibits:*

    A. Policies and Procedure Handbook
    B. Room 7 service codes & charges
    C. Service Codes and Charges
    D. Vinton's Sheet with price and serv charges
    E. Customer Work Ticket and History
    F. Gelsomini Payroll Reg (pg 84 - 110)
    G. Gelsomini Employee Service Deduct 7/15/2013-2/28/2016
    H. Vinton Employee Service Deduct 7/18/2013-2/28/2016
    I. McDunnah Employee Service Deduct 8/11/2013-2/28/2016
    J. Payroll Origination Records 2/21/16 -12/25/16
    K. M. McDunnah Payroll Reg 11/3/04-10/16/14
    L. Vinton Payroll Reg 9/27/12-2/18/16
    M. D. Vinton Comp detail 8/1/12-2/25/16
    N. Gelsomini Comp detail
    O. Gelsomini Letter of Resignation

  **P.**   Sample Employee Purchase Listing

  **Q.**   McDunnah Signed acknowledgement

  **R.**   Vinton Signed acknowledgement

  **S.**   Gelsomini - Time off Req Aug 15th

  **T.**   Gelsomini - Called out sick 12/9/2015

  **U.**   Gelsomini - Called out sick 12/8/2015

  **V.**   Gelsomini Deposit Advice 1/29/2015

  **W.**   Gelsomini Deposit Advice 1/14/2016

  **X.**   2016 Education Fund Ledger Redacted

  **Y.**   Jan 2015 Education Fund Ledger Redacted

  **Z.**   Vinton Time off Req - 11/4/2015

  **AA.**     Blank Sick Time Leave Pay Request

*Plaintiff's Proposed Exhibits:*

  **A.**   Rosa Response to Interr.

*Defendants' Proposed Exhibits:*

  **A.**   Gelsomini Response to Interr. for possible use in rebuttal

  **B.**   McDunnah Response to Interr. for possible use in rebuttal

  **C.**   Vinton Response to Interr. for possible use in rebuttal

Respectfully submitted,

For the Plaintiffs',

EILEEN GELSOMINI, DANIELLE VINTON,
and MICHELLE MCDUNNAH

By their Attorney,

/s/ John L. Fink
John Fink (BBO # 683290)
SIMS & SIMS, LLP
53 Arlington Street
Brockton, MA 02301
Tel. (508) 588-6900
Fax (508) 586-3320
Email: johnfink@simsandsimsllp.com



Respectfully submitted,

For the Defendants',

TU MODA SPA FOR BEAUTY AND WELLNESS, INC.,
and JOSUE ROSA,

By their attorney,

/s/ Michael D. Badger
Michael D. Badger, Esq.
BBO #633915
Badger Legal Group
69 Milk Street, Suite 215
Westborough, MA 01581
Phone: (508) 870-9900
Fax:    (508) 519-0371
Email: mdbadger@badgerlegal.com

Dated: February 28, 2019

## CERTIFICATE OF SERVICE

      This hereby certifies that on this 28th day of February 2019, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                          Michael D. Badger, Esq.

                                          /s/ Michael D. Badger
                                          Michael D. Badger, Esq.

Dated: February 28, 2019